The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman, the briefs on appeal and argument of counsel. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award. Accordingly, the Opinion and Award by Deputy Commissioner Morgan S. Chapman is affirmed.
* * * * * * * *
This case was originally heard before Deputy Commissioner Chapman in New Bern on 16 July 1993. The parties were allowed additional time in which to depose necessary medical witnesses and Gloria Aldridge. The depositions of Dr. Pelletier, Dr. Tomaszek and Dr. Seidel were submitted. The parties subsequently requested additional time in which to complete the record, and they were allowed until 30 November 1993. However, no additional testimony was offered.
Form 21 and 26 agreements have been approved in the case and are incorporated by reference.
The parties at the hearing stipulated into evidence the following:
1. Form 28B dated May 4, 1992.
2. Letter to James Walker from the Industrial Commission dated October 17, 1991.
Based upon all of the competent evidence in the record, the Full Commission makes the following:
FINDINGS OF FACT
1. As of February 23, 1990 plaintiff was 36 years old and had been employed by defendant hospital for approximately a year. He did construction type work including hanging sheet rock, running water and sewer lines and performing other plumbing work. He sustained a compensable injury by accident on that date when he jumped from a ladder and hurt his back. Dr. Pelletier assumed his medical care on April 4 and, after a CAT scan was performed, diagnosed his condition as a large herniated disc at L5-S1 with a free fragment. Surgery was recommended but plaintiff would not undergo it until July despite Dr. Pelletier's warnings that he could have a worse result due to the delay.
2. Plaintiff's condition improved following the operation. Dr. Pelletier followed his recovery that fall and released him to return to work effective November 1, 1990 at limited duty with no lifting over forty pounds. However, his employer would not allow him to return to work with restrictions, so he did not go back to work at that time. On January 21, 1991 Dr. Pelletier determined that he had reached maximum medical improvement.
3. Defendants admitted liability for benefits under the Workers' Compensation Act and paid compensation to plaintiff for temporary total disability from March 30, 1990 through June 16, 1991, even though he had reached maximum medical improvement in January 1991. They then paid him compensation for a 15% permanent partial disability to his back pursuant to a Form 26 agreement which was approved by the Industrial Commission. Plaintiff was represented by counsel at that time.
4. Plaintiff did not return to work. He underwent a program with the Department of Vocational Rehabilitation but apparently made no effort to find employment. He continued to complain of back pain and returned to Dr. Pelletier regularly. Dr. Pelletier prescribed medication and exercises for symptomatic treatment but did not think that his condition had changed. In June 1992 plaintiff underwent an MRI which revealed some scar formation and some mild stenosis, but there were no findings indicative of nerve root compression. Consequently, only continued symptomatic treatment was recommended.
5. In March 1993 Dr. Pelletier decided that it would be advisable for plaintiff to get a second opinion and referred him to Dr. Harvell. The results of that examination are not in evidence except that Dr. Pelletier indicated that no further surgery was recommended.
6. Plaintiff's attorney sent him to Dr. Tomaszek who examined him on December 23, 1992. Dr. Tomaszek offered him treatment with an epidural nerve block and discussed the possibility of surgery to fuse the L5-S1 interspace. Plaintiff has moved that he be allowed to receive the treatment recommended by Dr. Tomaszek.
7. Defendants sent plaintiff to Dr. Seidel for another opinion on August 19, 1993. There were inconsistencies in the examination which indicated that he was exaggerating his symptoms. After reviewing the medical reports and the MRI report, Dr. Seidel concluded that there were no indications of instability in the spine and that plaintiff's symptoms were not consistent with nerve root pain. Consequently, he recommended against the nerve block and was of the opinion that fusion surgery was contraindicated in plaintiff's case.
8. Although plaintiff has complained of worse pain since early 1993, he has not sustained a material change for the worse in his back condition. In fact, he has exaggerated his symptoms and limitations and has understated his abilities. His condition has remained essentially the same since he reached maximum medical improvement. Although he has continued to experience pain of some degree, his symptoms have not been as disabling as he has represented. Despite his very limited education and his work history of manual labor, he has had wage earning capacity. His only restrictions were to not lift over forty pounds and to not crawl in tight places. He had not returned to work because he has not been motivated to return to work. His allegation that he has been totally disabled is not accepted as credible.
9. Considering the nature of plaintiff's symptoms and the fact that they are not as severe as he has indicated, the medical treatment recommended by Dr. Tomaszek should not be approved.
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. Plaintiff has not sustained a material change for the worse in the back condition he suffered as a result of the injury by accident giving rise to this claim. G.S. § 97-47.
2. Plaintiff is not entitled to additional compensation for his injury. G.S. § 97-47.
3. Although plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen his disability, he is not entitled to have defendants provide the treatment recommended by Dr. Tomaszek. G.S. § 97-25
(before amendment).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for additional compensation is DENIED.
2. Each side shall pay its own costs.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ DIANNE C. SELLERS COMMISSIONER